■ TAW International Leasing, Inc., et al., Respondents, v Overseas Private Investment Corporation et al., Appellants.—Order, Supreme Court, New York County, entered March 17, 1978, unanimously reversed, on the law, the motion of defendants-appellants to punish Thomas A. Wood for contempt granted to the extent of remanding it to Special Term, New York County, for hearing and adjudication, and, except as to defendant-appellant First National Bank of Chicago, cross motion of plaintiffs-respondents to vacate the judgment, entered in New York County on January 13, 1977, in favor of defendants-appellants on their counterclaim against plaintiffs-respondents, denied, and that judgment reinstated, all without costs and without disbursements. At the outset, it is noted that defendant-appellant First National Bank of Chicago, not having interposed a counterclaim to plaintiffs-respondents' complaint, has been omitted from the foregoing. Plaintiffs-respondents are three related corporations the name of each of which includes the prefixal acronym "TAW," being the initials of Thomas A. Wood, aptly described in Special Term's decision as "the guiding spirit of all three corporations." The trio will therefore be referred to in the singular. Wood himself is no longer a party, having suffered dismissal of his complaint on the merits for failure to appear for deposition. He survives procedurally only as the subject of a motion to punish for contempt, further

referred to *infra*. Commencing in 1970, TAW was engaged in the leasing of heavy equipment to 10 nations in Africa. Being undercapitalized, its success depended on large loans and extensive credit supplied by defendants banks and equipment manufacturers, some of which transactions were insured by defendant Overseas Private Investment Corporation, a Federal agency. Because of a lack of co-operation on the part of the governments being assisted in that their currency controls prevented payment for the material supplied to them and by activities verging on expropriation, it became increasingly difficult, virtually to the point of impossibility, to maintain that economic flow required for success of the ill-fated, though well-intentioned project. TAW's precarious hand-to-mouth financial existence stalled, and it became necessary to negotiate a composition with all the defendants, which provided that the creditors would withhold legal action on the sums due, and further that TAW would honor certain rigorous restrictions upon its financial activities, with the right reserved to defendants to terminate the agreement upon failure to honor the restrictions. One disaster followed another so that TAW fell behind in its composition payments, and then violated the agreement by using some of the moneys earmarked for composition payment for other purposes. Apparently as a defensive measure in the realization that these breaches of the composition would soon bring about its termination, TAW instituted this suit in January, 1976 to enjoin termination. Its application for a temporary injunction was denied, and the denial affirmed here (53 AD2d 811). Special Term called for a speedy trial. The call was not heeded. In February, 1976 there started a series of delayed and frustrated discovery proceedings, culminating in November in a final preclusion order, still effective, which prevents plaintiff from presenting evidence in support of its case for injunction of defendants' financial salvage operations. Defendants were therefore entitled to summary judgment *(McGraith v Wehrung,* 42 AD2d 825) and moved accordingly. TAW advised the court that it could not proceed further, and summary judgment dismissing the complaint was granted on default, together with a compensatory money judgment, and an injunction restraining TAW from drafts against the restricted bank accounts. That judgment was entered January 13, 1977, on which date defendants formally terminated the composition agreement. A motion to punish Wood for contempt is based on violation of the injunction. By way of cross motion TAW moved to vacate the judgment on the counterclaims interposed by defendants. In February, 1978, finding that "the equities preponderate" in favor of TAW, Special Term vacated the judgment, not touching the preclusion order on which based, without prejudice to an application to the precluding court to vacate that order, and, not citing a reason, denied the contempt motion. The order implementing the court's decision was entered in the following month. Defendants are entitled to reversal of the order and reinstatement of the judgment. While it was taken on default, that was apparently the result of deliberate abandonment by TAW of its opposition to defendants' motion for summary judgment. There was no showing of excusable neglect, newly discovered evidence, or fraud and no findings thereon, nor was the court the one "which rendered [the] judgment" and therefore one which might "relieve a party from it" (CPLR 5015, subd [a]). In the face of the preclusion, which even now stands unchanged and unvacated, plaintiff could not continue with its case, and summary judgment was properly granted and entered. Special Term did not properly adjudicate the motion to punish Wood for contempt, nor hold any

hearing thereon. That aspect of the order should therefore be remanded for appropriate further proceedings. Concur—Silverman, J. P., Fein, Markewich and Sandler, JJ.